IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SAMANTHA WATTS, ET AL. | Case No. |
| Plaintiffs, | Judge: |
| v. | |
| ST. JOHN CENTRAL ACADEMY | MOTION FOR LEAVE TO PROCEED ANONYMOUSLY |
| Defendant | |

Plaintiff respectfully requests leave to proceed anonymously under theiR initials." The circumstances of this case are such that requiring Plaintiff to proceed under his name would disclose information contained in education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.

**MEMORANDUM**

This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001). Under the Sixth Circuit approach, in exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *Id.* Plaintiffs acknowledge that there is a strong public policy in favor of public access to judicial proceedings, however Plaintiffs suggests that this case falls within the exception that parties are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this policy. *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, 123 F. App'x 630, at *636 (6th Cir. 2005).

Plaintiffs are high school students and one of the Plaintiffs is a minor. Maintaining the confidentiality of Plaintiffs is consistent with federal policy as expressed by FERPA. This case involves school disciplinary records. The confidentiality of school disciplinary records has been well

1

established. *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA"). *See also Roe v. Adams-Gaston*, S.D.Ohio No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930, at *2 (Nov. 2, 2017) (permitting student challenging school disciplinary proceedings related to allegations of sexual misconduct to proceed anonymously).

Congress has, in enacting FERPA, indicated that school disciplinary records should be maintained as confidential. FERPA "recognizes an important privacy interest for students." *Brown v. Univ. of Kansas*, D.Kan. No. 10-2606, 2012 U.S. Dist. LEXIS 24565, at *4-5 (Feb. 27, 2012). As one court observed, "the privacy concerns" of students has been "vigorously and intentionally protected by Congress."); *Stanislaus v. Emory Univ.*, N.D.Ga. No. 1:05-CV-1496-RWS, 2006 U.S. Dist. LEXIS 110376, at *23 (July 28, 2006). *See also Krebs v. Rutgers*, 797 F.Supp. 1246, 1259 (D.N.J.1992) (noting that "the important privacy interests protected by… FERPA reflect the fact that any violation of those protected rights presents serious, 'irreparable' injury"); *Jackson v. Willoughby Eastlake Sch. Dist.*, N.D.Ohio No. 1:16CV3100, 2018 U.S. Dist. LEXIS 49508, at *9 (Mar. 23, 2018) (noting "FERPA's underlying privacy concerns").

In *Roe v. Adams-Gaston, supra*, this Court specifically relied upon FERPA in concluding that Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. 2017 U.S. Dist. LEXIS 181930, at *2. The court interpreted information protected by FERPA as "information of the utmost intimacy." Id.4 Consistent with Congress' intent to prevent the public disclosure of student educational records, Plaintiff's identity should be protected in order to avoid deterring students from suing educational institutions to vindicate their rights because they fear that they will be stigmatized if they are forced to forfeit their FERPA rights and bring suit under their true identity. *Cf. Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D.Va. 2016) ("It makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover

2

these proceedings simply because the [school] erred and left the accused with no redress other than a resort to federal litigation.")

Defendant will not suffer any harm by permitting Plaintiffs to proceed under initials, as Defendant is already aware of the identity of Plaintiffs and has an obligation to maintain the confidentiality of educational records under FERPA.

**Wherefore**, Plaintiff should be granted leave to proceed anonymously.

Respectfully submitted,

/s/ Joshua Engel
Keith Altman, Esq. (*pro hac vice* to be applied for)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com