# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SAMANTHA WATTS, et al., | )<br>) |
| Plaintiffs, | ) Civil Action No. 2:23-cv-00959-<br>) MHW-EPD |
| v. | )<br>) |
| | ) The Honorable Michael H. Watson |
| ST. JOHN CENTRAL ACADEMY, INC. | ) Mag. Judge Elizabeth A. Preston<br>) Deavers<br>)<br>) |
| Defendant. | ) **ORAL ARGUMENT REQUESTED**<br>) |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE
## TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Fed. R. Civ. P. 12(b)(6), comes the Defendant, St. John Central Academy, Inc., (hereinafter "Defendant" or "SJCA"), by and through its undersigned counsel, Diem N. Kaelber, Esq., and respectfully moves this Court to dismiss all counts of the *Complaint* filed by the Plaintiffs on March 14, 2023. The reasons the Court should grant the motion are set forth in the Memorandum of Law which is attached and incorporated hereto.

1

Respectfully submitted,

*/s/ Diem N. Kaelber*
Diem N. Kaelber (0087155)
FISHERBROYLES, LLP
Galleria at PNC Plaza
20 S. 3rd Street, Suite 210
Columbus, Ohio 43215
Phone: (408) 898-3170
Facsimile: (866) 414-5083
Diem.kaelber@fisherbroyles.com

*Counsel for Defendant
St. John Central Academy, Inc.*

2

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SAMANTHA WATTS, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2:23-cv-00959- |
| ) | MHW-EPD |
| v. ) | |
| ) | The Honorable Michael H. Watson |
| ST. JOHN CENTRAL ACADEMY, ) | Mag. Judge Elizabeth A. Preston |
| INC. ) | Deavers |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ST. JOHN CENTRAL ACADEMY, INC.'S MOTION TO DISMISS**

**I.  SUMMARY AND INTRODUCTION**

This case involves Plaintiff SW[1]'s claim for copyright infringement under 17 U.S.C. § 501. Plaintiff SW alleges Defendant, St. John Central Academy, Inc., (hereinafter "Defendant" or "SJCA") copied and used a logo purportedly designed by her without her permission. At the time Plaintiff SW filed her Complaint, she did not own a federally registered copyright. Copyright registration is a prerequisite to bringing a copyright infringement claim. Defendant moves to dismiss Count I of the

---

[1] Samantha Watts, who appears on behalf of her minor child, CW, has the same initials as her adult daughter, Plaintiff SW; therefore, to differentiate between the Plaintiffs herein, the Defendant refers to the Plaintiffs as CW and SW and will refer to Samantha Watts by name where applicable.

Complaint for failure to state a claim upon which relief can be granted, because Plaintiff SW lacked a copyright registration. This case also involves a breach of contract claim. The Plaintiffs failed to complete and submit to St. John Central Academy (hereinafter "SJCA") an admission packet for the 2021-2022 academic year and were not accepted as students to SJCA for the 2021-2022 academic year. Accordingly, there was no contract between the parties, and therefore, there was no breach. Further, because there was no contract between the parties, there can be no independent claim for breach of duty of good faith and fair dealing.

## II. STANDARD OF REVIEW

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) where a plaintiff (or counter-claimant) fails to state a claim upon which relief can be granted. A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). *Bliss Collection, LLC v. Latham Cos., LLC*, E.D.Ky. Civil Action No. 5:20-CV-217- CHB, 2021 U.S. Dist. LEXIS 119961, at *1 (June 28, 2021). In ruling on a Fed. R. Civ. P. 12(b)(6) motion, a court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *Bassett v. NCAA*, 528 F.3d 426 (6th Cir.2008)*; Ryniewicz v. Clarivate Analytics*, 803 F.App'x 858 (6th Cir.2020).

Under Fed. R. Civ. P. 12(b)(6), the court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain (1) enough facts to state a claim to relief that is plausible, (2) more than a formulaic recitation of a cause of action's elements, and (3) allegations that suggest a right to relief above a speculative level. *Id*. The court is authorized to grant a motion to dismiss under Rule 12(b)(6) where it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. While the court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, the court need not accept as true legal conclusions or unwarranted factual inferences. *Jenkins v. Hyundai Motor Financing Co.,* 389 F.Supp.2d 961, 962 (S.D.Ohio 2005).

### III.  BACKGROUND

Plaintiff Samantha Watts is the mother of CW (hereinafter "Plaintiff CW" or "CW"), a minor, and is appearing on behalf of CW[2]. Plaintiff CW is a former student at SJCA[3]. Litigation regarding Plaintiff CW relates to Count II (Breach of Contract)

---

[2] Compl. at ¶ 5.
[3] Compl. at ¶ 4.

and Count III (Breach of Duty of Good Faith and Fair Dealing.)[4] Plaintiff SW (hereinafter "Plaintiff SW" or "SW") is an adult appearing on her own behalf and is a former student of SJCA[5]. Litigation regarding Plaintiff SW relates to Count I (Copyright Infringement), Count II (Breach of Contract) and Count III (Breach of Duty of Good Faith and Fair Dealing)[6].

In February of 2019, the Steubenville Diocese announced that it was permanently closing St. John Central High School and St. John Central Grade School located in Bellaire, Ohio, at the end of the 2018-2019 school year. As a result, a cadre of St. John Central High School alumni obtained the school building from the diocese and opened SJCA in the Fall of 2019 as a private, Christian school comprising of grades pre-Kindergarten through twelve. Since March 10, 2019, Defendant SJCA has been an Ohio non-profit corporation with its principal place of business and mailing address in Bellaire, Belmont County, Ohio.

For the 2019-2020 academic year, Samantha Watts completed and submitted an Application for Admission for Plaintiff CW. For the 2020-2021 academic year, Samantha Watts completed and submitted an Application for Admission for Plaintiff CW. Samantha Watts also completed and submitted for Plaintiff CW an

---

[4] Compl. at ¶¶ 63-79.
[5] Compl. at ¶ 4.
[6] Compl. at ¶¶ 53-79.

Acknowledgement of Terms of Enrollement [*sic*] and Application and the EdChoice Scholarship acknowledgement.

For the 2021-2022 academic year, Samantha Watts completed and submitted only an Application for Admission for Plaintiff CW but failed to complete the rest of the required enrollment packet.

For the 2019-2020 academic year, Samantha Watts completed and submitted an Application for Admission for Plaintiff SW.  For the 2020-2021 academic year, Samantha Watts completed and submitted an Application for Admission for Plaintiff SW.  Samantha Watts also completed and submitted for Plaintiff SW an Acknowledgement of Terms of Enrollement [*sic*] and Application and the EdChoice Scholarship acknowledgement.

For the 2021-2022 academic year, Samantha Watts failed to complete any of the enrollment documents for Plaintiff SW.  The 11-page 2021-2022 enrollment packet included a cover sheet, an Acknowledgement of Terms of Enrollement [*sic*] and Application, an Application for Admission, a Media release form, a S.J.C.A. High School Tuition Contract, a S.J.C.A. Grade School Tuition Contract, an Ohio EdChoice Scholarship information and agreement brochure, an Emergency Medical Information Form, a Required Medication Form, and an Emergency Medical Consent Form.

IV. **ARGUMENT**

7

Based on the four corners of the Complaint, it is beyond doubt that the Plaintiffs cannot prove any set of facts in support of their claims against SJCA that would entitle the Plaintiffs to relief. Accepting as true all material allegations of the Complaint and making all reasonable inferences in the Plaintiff's favor, it is clear beyond dispute that SJCA is not liable for Copyright Infringement, Breach of Contract nor Breach of the Duty of Good Faith and Fair Dealing.

**1.    Count 1 – Copyright Infringement**

A plaintiff in a copyright infringement suit must establish that: (1) ownership of a valid copyright that is the subject of the dispute; and (2) the defendant copied protectable elements of the copyrighted material. *WH Midwest, LLC v. A.D. Baker Homes, Inc.*, S.D.Ohio No. 2:18-cv-1387, 2019 U.S. Dist. LEXIS 163108, at *7 (Sep. 24, 2019); *Premier Dealer Servs. v. Allegiance Admrs., LLC*, S.D.Ohio No. 2:18-cv-735, 2019 U.S. Dist. LEXIS 75160 (May 3, 2019).

**a.    Plaintiff SW lacks a valid copyright registration; therefore, she lacks standing.**

The Copyright Act of 1976 provides in pertinent part that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title**.**" 17 U.S.C.A. § 411(a) (1976).  "To prevail on a claim of copyright infringement, a plaintiff must show that it holds a valid copyright on the work in question and that the defendant copied a protectable element of the

8

work." *United States Media Corp. v. Edde Entertainment, Inc.*, S.D.N.Y., 1996 U.S. Dist. LEXIS 13389, at *1 (Sep. 10, 1996). In *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, the United States Supreme Court held that a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright, not when a copyright owner submits the application, materials, and registration fee to the Copyright Office. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 203 L. Ed. 2d 147, 139 S. Ct. 881 (2019) (abrogating *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612). The Supreme Court's decision in *Fourth Estate*, *supra*, established a bright-line rule that reconciles a circuit split in which some lower courts allowed plaintiffs in copyright suits to commence litigation upon the filing of an application to register, as opposed to being granted the registration certificate itself.[7]

Here, the Complaint suggests that Plaintiff SW has filed an application to register a copyright, but that the Copyright Office has taken no action on her application. *See*, Complaint ¶21 ("She received a Copyright Case No. 1-1214155271.") Plaintiff SW failed to attach a copy of her alleged registration to the Complaint, and a search of the U.S. Copyright Office's public records[8] does not indicate that Plaintiff SW has a copyright registration. Plaintiff SW did not satisfy

---

[7] https://www.americanbar.org/groups/litigation/committees/intellectual-property/practice/2019/scotus-fourth-estate-v-wall-street-dotcom/
[8] https://www.copyright.gov/public-records/

9

the condition precedent by merely filing an application for registration. The Copyright Office must approve the application and issue a certificate of registration before Plaintiff SW can successfully maintain a lawsuit for copyright infringement. SJCA moves to dismiss Plaintiff SW's claim for copyright infringement because the Copyright Office has not approved her application for copyright. The filing of an application with the Copyright Office is not sufficient to confer standing to sue SJCA for copyright infringement.

### b.  **Plaintiff SW has failed to state a claim for copyright infringement.**

As previously stated herein, to establish a copyright infringement claim, a plaintiff must show proof of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); *Kohus v. Graco Children's Prods.,* S.D.Ohio No. 1:09cv503, 2010 U.S. Dist. LEXIS 98608, at *5 (Sep. 21, 2010). Because Plaintiff SW has not alleged, let alone established ownership of a copyright for the work at issue, Plaintiff SW has not sufficiently alleged a claim for copyright infringement. Therefore, this claim must be dismissed.

### 2.  **Count II – Breach of Contract**

"The elements of a breach-of-contract claim are 'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" *Becker v. Direct Energy, LP*, 2018-Ohio-4134, 112 N.E.3d 978, ¶ 38 (2d

Dist.), quoting *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2d Dist.1994)." *See also Oglebay Norton Co. v. Armco, Inc.,* 52 Ohio St. 3d 232, 556 N.E.2d 515 (Ohio 1990). Accordingly, absent proof that a contract exists, a plaintiff's breach of contract suit cannot survive a Rule 12(b)(6) motion to dismiss. *See Thomas v. Publishers Clearing House, Inc.,* 29 Fed. Appx. 319, 2002 WL 193935, at *2 (6th Cir. 2002) (affirming a trial court's dismissal of plaintiff's breach of contract claim because plaintiff failed to allege properly the existence of a contract). Thus, if Plaintiffs' Complaint fails to show that Plaintiffs had a contract with the Defendant, this Court must dismiss the breach of contract claim.

As a threshold consideration, this Court must determine whether there was a valid contract. The elements of a contract are, "an offer and acceptance, supported by valid consideration." *Sashti, Inc. v. Glunt Ind., Inc.,* 140 F. Supp. 2d 813, 816 (N.D. Ohio 2001); *see also Tilahun v. Philip Morris Tobacco Co.*, S.D.Ohio No. C2 04 1078, 2005 U.S. Dist. LEXIS 41361, at *8-9 (Oct. 28, 2005). Acceptance may be expressed by "word, sign, writing, or act." *Id.*

A contract is defined as a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty. "In order to declare the existence of a contract, both parties to the contract must consent to its terms; there must be a meeting of the minds of both parties; and

the contract must be definite and certain." *Episcopal Retirement Homes v. Ohio Dept. of Indus. Rels.*, 61 Ohio St.3d 366, 366, 575 N.E.2d 134 (1991).

Here, the parties did not enter into a contract for the 2021-2022 academic year; therefore, there can be no breach. The required 11-page enrollment packet included a cover sheet, an Acknowledgement of Terms of Enrollement [*sic*] and Application, an Application for Admission, a Media release form, a S.J.C.A. High School Tuition Contract, a S.J.C.A. Grade School Tuition Contract, an Ohio EdChoice Scholarship information and agreement brochure, an Emergency Medical Information Form, a Required Medication Form, and an Emergency Medical Consent Form. Neither Plaintiff SW nor Plaintiff CW were assured admittance at SJCA upon completion of the New Student Enrollment Packet for the 2021-2022 academic year. Moreover, although both Plaintiffs had completed the required forms in the Enrollment Packet for previous years, neither Plaintiff returned a completed enrollment packet for the 2021-2022 academic year to SJCA for review by the Board of Directors, albeit Plaintiff CW completed an Application for Admission.

In Count II, ¶ 64 of the Complaint, Plaintiffs allege that "[p]laintiffs and Defendant St. John entered into a contract by which Defendant St. John offered admission to SW and CW on specified terms." As outlined *supra*, both Plaintiffs failed to complete the Enrollment Packet for the 2021-2022 academic year; therefore, there was no meeting of the minds and no mutual intent to enter into a

12

legally binding contract. Moreover, on June 25, 2021, SJCA, by and through Gianangeli and Bryniarski, issued a letter addressed to Samantha Watts, stating that SW and CW "will not be accepted" for the 2021-2022 school year[9].

Therefore, there was no mutual acceptance of the terms, no meeting of the minds, and no mutual intent to enter into a binding contract. In addition, Plaintiffs make no allegation whatsoever that consideration was exchanged for the 2021-2022 academic year. Hence, the Plaintiffs did not meet the first element of breach of contract, which is the existence of a contract. *See*, *Doner, supra.*

### 3. Count III – Breach of Duty of Good and Fair Dealing

Ohio courts have recognized that "[i]n addition to a contract's express terms, every contract imposes an implied duty of good faith and fair dealing in the performance and enforcement." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 42. "Good faith" refers to an "'implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties.'" *Ed Schory & Sons v. Francis*, 75 Ohio St.3d 433, 443-444, 662 N.E.2d 1074 (1996) quoting *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1357 (7th Cir.1990). But "there is no independent cause of

---

[9] Compl. at p. 38.

13

action for breach of the implied duty of good faith and fair dealing apart from a breach of the underlying contract." *Lucarell* at ¶ 44.

As established *supra*, Plaintiffs CW and SW have failed to properly allege and identify a valid contract and have failed to state a claim for breach of contract upon which relief can be granted. Because Plaintiffs' CW and SW cannot prevail on Count II – Breach of Contract, their third Count for Breach of Good Faith and Fair Dealing cannot stand alone and therefore, it must be dismissed.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff SW does not have a valid copyright registration; therefore, she lacks standing to bring a claim for copyright infringement. Plaintiff SW alleges that she has applied for registration, but the U. S. Supreme Court made clear in *Fourth Est. Pub. Benefit Corp.* that a copyright claimant may commence an infringement suit, when the Copyright Office ***registers*** a copyright, not when a copyright owner submits the application, materials, and registration fee to the Copyright Office.

Plaintiff CW and Plaintiff SW failed to complete the required enrollment packets for the 2021-2022 academic year; therefore, there was nothing for the Board of Directors to review for admission purposes and no terms to agree upon. SJCA did not accept Plaintiff CW and Plaintiff SW for the 2021-2022 academic year; therefore, Plaintiffs admit by the allegations in their Complaint that there was no meeting of the minds between the parties. Plaintiffs fail to allege that consideration

was exchanged between the parties for the 2021-2022 academic year. For these reasons, there was no contract between the parties. Because there was no contract, there could be no breach, and because there was no contract, there cannot be a separate claim of a duty of good and fair dealing.

Based on the foregoing, Defendant St. John Central Academy, Inc. respectfully requests that Plaintiffs' cause of action be dismissed with prejudice.

Respectfully submitted,

Dated: June 20, 2023　　　　　　　　　　FISHERBROYLES LLP

*/s/ Diem N. Kaelber*
Diem N. Kaelber (0087155)
FISHERBROYLES, LLP
Galleria at PNC Plaza
20 S. 3rd Street, Suite 210
Columbus, Ohio 43215
Phone:　　(408) 898-3170
Facsimile: (866) 414-5083
Diem.kaelber@fisherbroyles.com

*Counsel for Defendant*
*St. John Central Academy, Inc.*

**PROOF OF SERVICE**

The undersigned hereby certifies that on June 20, 2023, a true and accurate copy of the foregoing was filed with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's CM/ECF system to counsel for all parties in this action indicated on the electronic filing receipt, including those that follow:

| | |
|---|---|
| Keith Altman, Esquire<br>The Law Office of Keith Altman<br>33228 W. 12 Mile Road, Suite 375<br>Farmington Hills, MI 48331<br>Email: keithaltman@kaltmanlaw.com | Joshua Adam Engel, Esquire<br>ENGEL AND MARTIN, LLC<br>4660 Duke Drive, Suite 101<br>Mason, OH 45040<br>Email: engel@engelandmartin.com |

*/s/ Diem N. Kaelber*
Diem N. Kaelber (0087155)
*Counsel for Defendant*
*St. John Central Academy, Inc.*