IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Samantha Watts, et al.,**

        **Plaintiffs,**

   v.

**St. John Central Academy, Inc.,**

        **Defendant.**

**Civil Action 2:23-cv-00959-MHW-EPD**
**Judge Michael H. Watson**
**Magistrate Judge Elizabeth A. Preston Deavers**

## RULE 26(f) REPORT

     Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on June 30, 2023, and was attended by:

Keith Altman of The Law Office of Keith Altman, counsel for plaintiff(s) Samantha Watts and her minor children CW and SW,

Diem N. Kaelber of FisherBroyles, LLP, counsel for defendant St. John Central Academy, Inc.,

Edmund Brown of FisherBroyles, LLP, counsel for defendant St. John Central Academy, Inc.,

Counsels represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.    CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

\_\_\_\_\_Yes    X\_\_\_\_No

2.    INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

X\_\_\_Yes    \_\_\_\_\_No    \_\_\_\_\_The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by within 30 days from the date in which the Court has issued a decision on Defendant's Motion to Dismiss [Dkt. No. 8].

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

\_\_\_\_\_Yes     <u>X</u>\_\_\_No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4. <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed <u>within 90 days from the date in which the Court has issued a decision on Defendant's Motion to Dismiss [Dkt. No. 8]</u>.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by <u>N/A</u>.

5. <u>MOTIONS</u>

   a. Are there any pending motion(s)?

   <u>X</u>\_\_\_Yes     \_\_\_\_\_No

   If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number: Defendant St. John Central Academy, Inc. filed a motion to dismiss [Dkt. No. 8] on June 20, 2023.

   b. Are the parties requesting expedited briefing on the pending motion(s)?

   \_\_\_\_\_Yes     <u>X</u>\_\_\_No

   If yes, identify the proposed expedited schedule:

   Opposition to be filed by_____; Reply brief to be filed by_____.

6. <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

**Plaintiffs:**

This is an action arising from Defendant St. John Central Academy's wrongful use of copyrighted material developed by Plaintiff S.W. Plaintiffs' were wrongfully dismissed from St. John Central Academy. After already being admitted for the 2021-2022 school year, Plaintiffs were dismissed

without any reason or explanation. Plaintiff brings additional claims for breach of contract and breach of good faith and fair dealing.

**Defendant:**

This case involves Plaintiff SW's claim for copyright infringement under 17 U.S.C. § 501. Plaintiff SW alleges Defendant, St. John Central Academy, Inc. copied and used a logo purportedly designed by her without her permission. At the time Plaintiff SW filed her Complaint, she did not own a federally registered copyright. Copyright registration is a prerequisite to bringing a copyright infringement claim. Plaintiff SW lacked a copyright registration.

This case also involves a breach of contract claim. Plaintiff CW and Plaintiff SW failed to complete the required enrollment packets for the 2021-2022 academic year; therefore, there was nothing for the Board of Directors to review for admission purposes and no terms to agree upon.  SJCA did not accept Plaintiff CW and Plaintiff SW for the 2021-2022 academic year; therefore, Plaintiffs admit by the allegations in their Complaint that there was no meeting of the minds between the parties. Plaintiffs fail to allege that consideration was exchanged between the parties for the 2021-2022 academic year.  For these reasons, there was no contract between the parties.  Because there was no contract, there could be no breach, and because there was no contract, there cannot be a separate claim of a duty of good and fair dealing.

7. DISCOVERY PROCEDURES

   a. The parties agree that all discovery shall be completed <u>within 7 months after the date on which Defendant has filed its answer to the Complaint</u>.  The parties request that the Court stay discovery until the Court issues its decision on Defendant's Motion to Dismiss [Dkt. No. 8].

   The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel is directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

   b. Do the parties anticipate the production of ESI? X  Yes_____No

   If yes, describe the protocol for such production:

   The parties agree to produce electronically-stored information and/or documents in .pdf format. The parties agree to meet and confer in good faith if a party requests the production of a particular document in native format to determine if the request is appropriate and whether that document should be produced in native format.

   c. Do the parties intend to seek a protective order or clawback agreement? Yes.

   Such order shall be produced to the Court <u>within 30 days after any Answer is filed.</u>

8. <u>DISPOSITIVE MOTIONS</u>

   a. Any dispositive motions shall be filed <u>within 90 days after the discovery cut-off deadline</u>.

   b. Are the parties requesting expedited briefing on dispositive motions?

   \_\_\_\_\_Yes    X\_\_\_\_No

   If yes, identify the proposed expedited schedule:

   Opposition to be filed by_____; Reply brief to be filed by_____.

9. <u>EXPERT TESTIMONY</u>

   a. Primary expert reports must be produced by <u>N/A at this time</u>.

   b. Rebuttal expert reports must be produced by <u>N/A at this time</u>.

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand <u>within 60 days after any Answer is filed</u>. Defendant will respond <u>within 30 days after receipt of Plaintiffs' settlement demand</u>. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year:

**January 2024**

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

\_\_\_\_\_Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place _____ in chambers_____by telephone.

X\_\_\_\_ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:

4

The parties respectfully request that the Court stay discovery until the Court issues a decision on Defendant's Motion to Dismiss [Dkt. No. 8].

Signatures:
Attorney for Plaintiff(s)

/s/ *Keith Altman*
Counsel for Plaintiffs
Bar # *Pro Hac Vice*

Attorney for Defendant(s):

/s/ *Diem N. Kaelber* (w/ permission)
Counsel for St. John Central Academy, Inc.
Bar # 0087155

/s/ *Joshua Adam Engel*
Counsel for Plaintiffs
Bar # 0075769

/s/ *Edmund Brown* (w/ permission)
Counsel for St. John Central Academy, Inc.
Bar # Application for Admission Pending

Date: July 3, 2023